## CIRCUIT COURT OF LOUDOUN COUNTY

Kevin Paul Petka

v.

Virginia Board of Dentistry

June 30, 2006

Case No. CL34820

BY JUDGE THOMAS D. HORNE

This court has the power to review agencies' final case decisions. Va. Sup. Ct. Rule 2A:1. Defendant Kevin Paul Petka commenced the instant appeal from a final Order of the Virginia Board of Dentistry entered on July 14, 2005. The Commonwealth filed a Motion to Dismiss. After a detailed review of the lengthy record in this case, including a 316 page transcript from the July 8, 2005, Formal Administrative Hearing, the Court finds that the Virginia Board of Dentistry's Order is in accordance with the law and based on sufficient evidentiary support. Therefore, the Board's Findings of Fact 1-10 and Conclusions of Law 1-10 are affirmed.

The Court's review of the Board's decision is governed by the Virginia Administrative Process Act, Va. Code § 2.2-4000(A) *et seq.*, and Part 2A of the Rules of the Supreme Court of Virginia. As the Court of Appeals summarized, the Court's consideration involves a determination of whether: (i) the agency acted in accordance with law; (ii) the agency made a procedural error that was not harmless error; and (iii) the agency had sufficient evidentiary support for its findings of fact. *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 242 (1988). Review of an issue of fact must be based only on the evidentiary record provided

by the agency, and the scope of review is limited to an inquiry on whether the agency's decision was supported by substantial evidence in the agency's record. *State Bd. of Health v. Godfrey*, 223 Va. 423, 433 (1982). This Court may reject an agency's findings of fact only if, upon consideration of the record, it finds that a reasonable person would have necessarily arrived at a different conclusion. *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 269 (1983).

Under § 54.1-2706(5) of the Virginia Code, the Board may suspend for a stated period or revoke an individual's license to practice dentistry because of "intentional or negligent conduct in the practice of dentistry or dental hygiene which causes or is likely to cause injury to a patient or patients." Va. Code Ann. § 54.1-2706(5). Specifically, the Appellant is appealing the Board's Order indefinitely suspending Petka's dental license for a period of not less than three years and, should he petition for reinstatement of his license, payment of a monetary penalty in the amount of $14,000 and proof of completion of at least 45 hours of continuing education during the three years preceding his petition.

First, the Appellant alleges error in the distribution of "irrelevant and prejudicial materials" by the Board prior to the Formal Administrative Hearing. (Appellant's Brief at 3.) Under § 2.2-4020(C) of the Virginia Code, the presiding officer in formal administrative proceedings may "receive probative evidence" and, therefore, possessed the authority to overrule Petka's objection to the pre-hearing distribution of the Commonwealth's proposed Exhibits. Va. Code Ann. § 2.2-4020(C). The Court finds no evidence in the transcript of the Formal Administrative Hearing conducted on July 8, 2005, to suggest the Members of the Board of Dentistry relied on or were inappropriately influenced by the distributed copies of x-rays in evaluating the evidence of dental negligence by Petka. Additionally, the original x-rays were presented to the Board.

The Supreme Court of Virginia has defined as relevant in the context of administrative hearings "every fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue." *McMunn v. Tatum*, 237 Va. 558, 563 (1989) (citing *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 270 (1983)). The Court does not find error in the admission of hearsay evidence relevant to the issues decided by the Board. The Court need not evaluate the weight of the hearsay evidence in connection with Petka's disability claim, as it was not addressed in any findings of fact by the Board.

Second, the Appellant alleges the Commonwealth failed to meet their burden of proof regarding dental negligence sufficient to justify the Board's finding. (Appellant's Brief at 6.) After a detailed review of the record, the Court finds that sufficient evidentiary support exists and was presented to the Board

through witness testimony to justify the Board's Findings of Fact 2, 3, 4, 5, 6, 7, and 8 and accordingly affirms Findings of Fact 2 through 8 and Conclusions of Law 1 through 7.

Third, the Appellant argues on appeal that the Board's Conclusion of Law 9, that he violated the Regulations Governing the Practice of Dentistry by maintaining inadequate records, is without sufficient evidentiary support. The Court finds the record would support the Board's conclusion that Petka failed to retain a complete copy of his patient records upon the sale of his dental practice, contrary to his professional obligation to maintain such patient records for three years under the Board's interpretation of its own administrative rules. *See*, 18 VAC 60-20-15. The Board was free to judge the issue of the Appellant's credibility. Accordingly, the Court affirms Finding of Fact 10 and Conclusion of Law 9.

The remaining issue on appeal is the Appellant's contention that the Board erred in reaching Conclusion of Law 10 regarding the continuing education hours required for Petka's license renewal. The Appellant argues that the Board's interpretation of 18 VAC 60-20-50 is in error because teaching is clearly a form of participation. The relevant regulation states that credit may be obtained for "verifiable attendance at or participation in any courses, to include audio and video presentations, which meet the requirements. . . ." 18 VAC 60-20-50(C). The canons of statutory interpretation establish that statutes shall not be construed to render any provision redundant unless doing so would create a perverse outcome. *See*, Am. Jur. 2d, *Statutes*, § 165 (2005). The court finds that the use of the terms "attendance" and "participate in" are not redundant. With modern technology, audio and video courses are offered at remote locations, allowing participation where there is no physical attendance.

The interpretation of an administrative regulation by the body creating that regulation is afforded greater deference than the interpretation of a code passed by the legislature when the regulation is not deemed to be in opposition to the goal of the underlying code. *Virginia A.B.C. Comm'n v. York St. Inn*, 220 Va. 310, 315-16 (1979). Therefore, the Court affirms the Board's Finding of Fact 10 and Conclusion of Law 9.

The Attorney General may prepare a final order consistent with this opinion dismissing the appeal.